Deaderick, J.,
delivered tlie opinion of tlie -court:
On tbe 21st July, 1870, in tlie second circuit court of Shelby county, Henderson & Co-, obtained a judgment by default against Ilagge.
Tbis judgment was obtained upon a case on the docket, *673 upon a rule of the court, for the disposition of unlitigated, eases, when parties by counsel were required to state if the causes were litigated.
The causa was called, and nu counsel answering for Iiagge, the judgment -was rendered.
Iiagge filed a petition for writs of error coram nobis, alleging various errors of fact, and prays also, for a super-sedeas, which was granted.
Hagge then assigned as errors of fact, in substance, that the judgment complained of ought not to have been rendered against him, because the cause was in fact litigated, and did not fall within the rule, of the -court, and because of an agreement, and because he had no notice that a judgment would be taken; that the judgment was unjust, and was litigated in good faith, and that the taking of it was a surprise, etc.
To this assignment, of errors the-said Anderson & Co. pleaded that they were entitled to recover; that the judgment by default was regularly taken; that there was no agreement as to the same; that said Hagge had notice, and was not taken by surprise.
Upon the issues of fact made by this plea a jury was called to pass, and rendered a verdict for Hagge, which was on motion set aside, and at a subsequent term another trial was had, and verdict was rendered again for Iiagge, and Anderson & Co. have appealed to this court.
Besides the rule requiring the attorneys to answer on honor if they had any valid defense in an action, there were also rules of the court requiring counsel to mark their names to their cases, and excusing from the operation of the rule, upon a call of the docket, oases of counsel who were necessarily absent from the city.
The counsel for Hagge testified that he left the city on occasion of his marriage, and as he believes marked his name to the case in question, and got leave of absence from the presiding judge of the court. On the other hand *674 there is testimony which makes it doubtful whether the counsel is not mistaken as to having marked his name as counsel in this ease, but he states before leaving the city he examined the docket for this purpose, and if he. did not mark his name it was omitted by mistake and oversight
The circuit judge charged the jury that whether plaintiff (Hagge) was entitled to a new trial, depended upon whether he was prevented from making his defense by fraud, accident, or mistake, unmixed with any fault on his part or on the part of his counsel.
His Honor uses the language in reference to a new trial, instead of reversal or vacating and annulling the judgment complained of, but we. do not think that any error can be predicated of this, as it could not mislead the jury in the performance of their duty.
The court was requested to charge the jury, that “before (Hagge) the defendant can recover, the jury must first be satisfied, and find that the default taken in this case was not regularly obtained; that is, that it was taken at an improper call of the docket, and in determining this issue the jury will ascertain from the proof if the default was taken for the want of appearance of counsel, either in person or by entry of their names upon the dockets of this court as counsel, and if the jury find that counsel did not appear in person, or enter their names upon the docket, then they will, as to this issue, find for the plaintiffs, Anderson & Co.” The court declined to give this instruction.
There was no error in the refusal of the court to give the instruction asked, which in effect excluded any defense against the judgment, if the counsel did not personally appear, or had failed to mark his name upon the docket.
In the case of Crawford v. Williams, 1 Swan, 344, Williams had stated'his case fully to the counsel of Crawford, having employed him in other cases, and expected him to attend to the case for him, but the counsel thinking Williams knew he had been retained by'Crawford, the plaintiff, took a judgment by default against Williams,'who had no *675 counsel employed, and it was Held that this was such a mistake as was relievable under the writ of error coram nobis.
Upon the same ground it was not error in the court to refuse to instruct the jury, “unless the said Iiagge established by competent proof, that the court in giving judgment did so at an unusual time, or out of its regular order of proceeding, then the jury will find for the defendant, Anderson &. Oo.”
The court instructed the jury as requested by the counsel for Anderson & Go. upon the subject of the alleged agreement between the counsel of the defendant and the plaintiff’s counsel. And as requested by the counsel for Anderson & Oo., he also charged the jury that unless they were satisfied from the evidence that the defendant Hagge has sustained the issues herein, then they will find for the plaintiffs, Anderson & Co., and that the burden of proof in on the defendant Hagge to sustain his allegations.”
Under what we consider a correct charge, the jury have passed upon the issues made up and submitted to tbem by the parties, and they have found them in favor of Hagge, and we cannot disturb their verdict.
Upon this verdict the circuit judge rendered judgment “that a new trial he granted to plaintiff in error (Hagge) herein, and the judgment rendered against him at a former term of this court he set aside,” and for costs in favor of Hagge, for the costs of the coram nobis proceedings.
In the caáe cited it was held that the court having adjudged th’a case in favor of the plaintiff in error, and revoked and annulled the former judgement, it was error to order that said cause be reinstated on the docket for trial de novo, for the judgment upon error coram nobis is final as relates to the former judgment and suit. 1 Swan, 344.
The proper judgment, however, upon the verdict will he rendered here, which is that the former judgment be recalled, revoked, -and annulled, and for the costs of-this proceeding by writ of error coram nobis.